UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PHILBERT WADE,                               :

                                    :

              Plaintiff,           :

                                    :

          -against-              :      **COMPLAINT**

                                    :      **AND DEMAND**

LAW OFFICES OF ERIC H. GREEN AND       :      **FOR JURY TRIAL**

ASSOCIATES, a common law partnership,     :

ERIC H. GREEN, and ZACHARY GREEN,      :

                                    :

             Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Philbert Wade alleges as follows for his Complaint against defendants Law Offices of Eric H. Green and Associates, Eric H. Green, and Zachary Green:

### Summary of Claim

1.      This is a legal malpractice action arising from defendants' mishandling of a personal injury claim on behalf of plaintiff Philbert Wade. On February 3, 2015, Mr. Wade slipped and fell on black ice in the parking lot of the AutoZone store where he worked, sustaining tears to his left knee and left shoulder that required two surgeries and left him with permanent physical limitations. He retained the defendant attorneys to pursue his claims against the parties responsible for maintaining the parking lot. Although defendants commenced an action on Mr. Wade's behalf, their representation of him over the following years fell far short of the standard the law requires of attorneys handling personal injury cases.

2.      Throughout the litigation, the Green Law Firm defendants repeatedly failed to meet their basic obligations to the court and to their client. They missed court-ordered discovery deadlines, ignored repeated requests from opposing counsel for outstanding discovery, and

ultimately provided incomplete responses more than six weeks after they were due. These failures prompted the opposing parties to seek a discovery sanction of dismissal. When the case was called for a critical calendar call on February 10, 2020, no attorney from the Green Law Firm appeared; instead, defendants sent a non-attorney legal assistant in their place, an arrangement that is plainly impermissible under New York law. As a direct result of this default, the court dismissed Mr. Wade's case.

3.      Defendants then compounded their initial failures. In moving to vacate the dismissal, they failed to submit evidence sufficient to demonstrate either a reasonable excuse for their default or a meritorious opposition to the underlying motion, and they raised key supporting arguments only belatedly, in an improper reargument motion, after omitting them from their original submission. The Supreme Court denied the motion to vacate, and the Appellate Division affirmed that denial, permanently closing the door on Mr. Wade's opportunity to have his personal injury claims heard on the merits.

4.      The dismissal was avoidable. Mr. Wade's underlying claims were substantial and meritorious. Had the Green Law Firm and its partners simply complied with their fundamental discovery obligations, Mr. Wade would have had the chance to present his case and would have recovered significant money damages for the serious and lasting injuries and other losses he suffered.

5.      Mr. Wade brings this action because defendants' negligence cost him that opportunity entirely. He seeks compensation for the value of the damages he would have recovered in his personal injury lawsuit for past and future pain and suffering, lost earnings, and

medical and other expenses that he was prevented from pursuing because of the egregious errors of the Green Law Firm and its partners.

## The Parties

6. Plaintiff Philbert Wade is a resident and citizen of the State of Georgia.

7. Defendant Law Offices of Eric H. Green and Associates (the "Green Law Firm") is a law firm formed as a common law partnership under New York law with a place of business in New York County, New York.

8. Defendant Eric H. Green is an attorney admitted to practice law in New York and is a partner of the Green Law Firm and is a citizen of New York.

9. Defendant Zachary Green is an attorney admitted to practice law in New York and is a partner of the Green Law Firm and is a citizen of New York.

10. As partners of a common law partnership, defendants Eric H. Green and Zachary Green are each jointly and severally liable for the acts and omissions of one another and of the Green Law Firm in connection with the representation of plaintiff. These defendants will be referred to, collectively, as the Green Law Firm defendants.

## Jurisdiction and Venue

11. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because plaintiff is a citizen of Georgia and defendants are all citizens of New York State and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(1) because the defendants all do business here.

3

13.    Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

**Plaintiff's Background**

14.    Plaintiff Philbert Andre Trevor Wade was born in Georgetown, Guyana, where he was raised and educated. He attended secondary school, the equivalent of high school in the United States, in Georgetown, but did not complete his diploma, leaving school at approximately age 18 because he needed to work. While working, he simultaneously attended a two-year trade school program in Guyana, where he received a diploma as an agricultural mechanic. Following trade school, he worked repairing combines (machines used to cut rice) and later worked as a mechanic at a bus company in Georgetown.

15.    Plaintiff immigrated to the United States around 2002 and has lived here since, residing in Brooklyn for many years before ultimately relocating to Georgia. Plaintiff became a United States citizen approximately nine years after his arrival, having naturalized in New York City. Plaintiff was previously married and has a daughter who was born in 1999.

16.    Plaintiff began working at AutoZone in around 2002, a few months after arriving in the United States, starting at the store located at Pennsylvania Avenue and Cozine Avenue in Brooklyn as a regular sales associate. After working there for a period of years, he left AutoZone for approximately two years to drive dump trucks for his sister's trucking company in Atlanta, Georgia, before returning to AutoZone.

17.    Upon his return, he was promoted to the position of Parts and Sales Manager, a supervisory role, responsible for opening the store, completing paperwork, managing inventory, receiving parts deliveries, and directing the store's associates.

18.    Plaintiff worked in that capacity at the Pennsylvania Avenue location for approximately seven years after his return, and subsequently transferred by his own choice to the AutoZone store at 1590 Ralph Avenue in Brooklyn, where he remained as Parts and Sales Manager for more than one year prior to the accident. In total, plaintiff worked for AutoZone for approximately eight or nine years. As of 2015, he was earning approximately $17.00 per hour and had benefits, including health insurance.

**Plaintiff's Accident**

19.    On the morning of Tuesday, February 3, 2015, plaintiff was on his way to work when he slipped and fell on black ice in the parking lot of the AutoZone store where he worked at 1590 Ralph Avenue, Brooklyn, New York 11203.

20.    It had snowed over the preceding days, beginning late Sunday night and continuing through Monday:



21.    When he arrived at the AutoZone, plaintiff observed that snow removal had taken place at the property. The snow had been plowed and pushed up against the perimeter fence, and

it looked like salt had been applied to the parking lot surface. Plaintiff parked his car in his usual spot in the lot. Looking at the ground before exiting his vehicle, and as he walked, the lot appeared clear and safe to traverse.

22.    After exiting his vehicle, plaintiff began walking toward the store entrance when his left foot slid forward on black ice and he lost his balance. The ice was invisible to him because it blended into the dark asphalt surface, and he had no indication that the area was icy before he stepped on it.

23.    After the fall, plaintiff made his way inside the store and reported to a store associate that he had slipped on ice in the parking lot and needed to see a doctor. Plaintiff reported the accident to his supervisor and then drove himself to Kings County Hospital, where he was evaluated in the emergency room.

24.    At Kings County Hospital emergency room on the day of the accident, plaintiff presented with pain in his left knee, left shoulder, and lower back. He was examined and released with instructions to follow up with an outside physician. MRIs of plaintiff's left knee, left shoulder, and lower back, later revealed tears in both his left shoulder and left knee.

25.    Plaintiff was referred to Dr. Berkowitz, who, after seeing him a number of times, recommended and performed surgery on both the left knee and the left shoulder. Specifically, Dr. Berkowitz performed left knee surgery on August 28, 2015 and left shoulder arthroscopy surgery on December 11, 2015.

26.    Prior to the accident, plaintiff had no history of pain, injury, or treatment to his left knee, left shoulder, or lower back. Since the accident, plaintiff has suffered devastating, permanent effects of his injuries. His physical capacity has been diminished.

6

27.    Plaintiff attempted to return to work at AutoZone but was unable to do so because of the pain in his left knee and left shoulder.

## Parties Responsible for the Parking Lot

28.    Salomon Cojab, d/b/a Code Realty Corp. ("Cojab") was the owner of the property at 1590 Ralph Avenue, Brooklyn, New York encompassing the AutoZone store and parking lot where plaintiff fell.

29.    At the time of the accident, the property was managed by Esquire Management Corp. ("Esquire") and/or Frisben Realty Corp. ("Frisben").

## Retainer of Defendants

30.    Shortly after the accident, plaintiff was referred to the Green Law Firm.

31.    On April 15, 2015, plaintiff Philbert Wade retained the Green Law Firm and defendants Eric H. Green, and Zachary Green to represent him in any claims he might have arising from the accident of February 3, 2015.

32.    According to its website, the Green Law Firm defendants claim to have over 47 years of experience litigating personal injury cases:



33.    The Green Law Firm claims to have specific expertise in slip and fall cases:



34.    The Green Law Firm agreed to represent and advise Mr. Wade in relation to any claims he might have arising from his February 3, 2015 accident.

35.    In accepting the retainer, all the defendant attorneys expressly or impliedly agreed to comply with their professional obligations under the New York Rules of Professional Conduct.

36.    As attorneys for plaintiff, defendants owed a duty to render legal services in a competent and professional manner and to act with ordinary and reasonable skill, care, and diligence.

**The Cojab Action**

37.    On October 28, 2016, over a year and a half after they were retained, the Green Law Firm commenced a personal injury action on plaintiff's behalf against Salomon Cojab, Salomon Cojab d/b/a Code Realty Corp., Code Realty Corp., and Esquire Management Corp. in

8

the Supreme Court of the State of New York, County of Kings, under Index No. 519168/2016 (the "Cojab Action").

38.     The Complaint in the Cojab Action asserted that the parties named as defendants were negligent in the ownership, control, operation, maintenance, cleaning, and repair of the property, specifically by failing to properly remove ice and snow, failing to inspect the premises, and creating a hazardous condition.

39.     Early in the litigation, procedural complications arose when the Green Law Firm moved for a default judgment against all defendants other than Salomon Cojab individually. New defense counsel substituted in for the Cojab defendants in April 2017 and cross-moved to amend the answer to appear on behalf of the remaining Cojab entities. In August 2017, the court issued an order denying the default motion, directing an amended answer to be filed, and requiring the Green Law Firm to serve an amended complaint by September 5, 2017, naming any additional parties.

40.     The Green Law Firm failed to comply with the August 2017 order. Instead of amending the complaint as directed, on January 15, 2018, they commenced a second separate action on plaintiff's behalf against Esquire Management Corp. and Frisben Realty Corp. in Supreme Court, Kings County under Index No. 500799/2018 (the "Esquire Action").

41.     The Complaint in the Esquire Action asserted that Esquire and Frisben were negligent in the ownership, control, operation, maintenance, cleaning, and repair of the property, specifically by failing to properly remove ice and snow, failing to inspect the premises, and creating a hazardous condition.

9

42.     On June 15, 2018, the Green Law Firm moved to consolidate the Cojab Action with the Esquire Action.

43.     While that motion was pending, the Green Law Firm filed a Note of Issue certifying that discovery was complete in the Cojab Action and placing the case on the trial calendar.

44.     On March 28, 2019, the Cojab parties moved for summary judgment on the ground that the parking lot in question was maintained solely by plaintiff's employer AutoZone, which was responsible for snow and ice removal.

45.     On June 12, 2019, the court issued two orders in the Cojab Action, denying the Cojab defendants' motion for summary judgment and granting the motion to consolidate both cases under the index number for the Cojab Action.

**Defendants' Negligent Handling of the Consolidated Cojab Action**

46.     Throughout their representation in the Cojab Action, the Green Law Firm failed to comply with numerous court-ordered discovery deadlines, requiring multiple motions by defense counsel and repeated court intervention.

47.     Specifically, on August 9, 2019, Frisben filed a motion in the Cojab Action under CPLR § 3126(3) and Rule 3042(d) to dismiss plaintiff's complaint with prejudice because of the Green Law Firm's failure to provide discovery, or alternatively to preclude plaintiff from offering evidence on undisclosed materials, compel a bill of particulars and document responses, compel plaintiff's deposition and IME, vacate the Note of Issue, and extend Frisben's time to move for summary judgment until after discovery closed.

48.     Frisben submitted supporting evidence demonstrating that the Green Law Firm had failed to respond to Frisben's June 13, 2019 discovery demands despite multiple follow-up letters seeking compliance and the missing discovery.

49.     On August 21, 2019, the Cojab parties filed papers in support of Frisben's motion and cross-moving for substantially the same relief, dismissal or preclusion, compelling responses to Cojab's own April 25, 2019 discovery demands, an IME, vacatur of the Note of Issue, and an extension of time to move for summary judgment.

50.     Cojab's attorney noted that the Green Law Firm's May 8, 2019 response was insufficient, prompting good-faith letters on May 29 and July 30, 2019 that went unresolved.

51.     The court issued an order dated October 7, 2019, directing the Green Law Firm: (a) to respond to Frisben's discovery demands by November 28, 2019, or on 10 days' notice if not provided by then; (b) to respond to Cojab's discovery demands (the Notice to Produce dated April 25, 2019, and the Demand for Damages and Demand for Income Tax Authorizations) by the same November 28, 2019 deadline (or on 10 days' notice); (c) to produce plaintiff for deposition by Frisben, to be held by January 22, 2020, at 10:00 a.m. at an agreed-upon location; and (d) to produce plaintiff for an independent medical exam designated by Frisben, to be held by March 20, 2020, on a mutually agreed date.

52.     The court's October 7, 2019 order further directed all parties to appear for a further motion conference on February 10, 2020 to assess compliance with the court's discovery directives.

53.     The Green Law Firm failed to comply with the October 7, 2019 order, despite receiving three separate letters from Frisben's counsel in December 2019 requesting compliance.

11

54.     The Green Law Firm finally provided responses on January 17, 2020, more than six weeks late, but even those responses were incomplete and, having been provided right before plaintiff's court-ordered deposition, rendered it impossible for the opposing parties to proceed with the deposition and independent medical exam.

55.     Because of the Green Law Firm's failure to comply with the October 7, 2019 discovery order, on January 22, 2020, Frisben filed a motion in the Cojab Action, pursuant to CPLR § 3126(3), to dismiss the complaint as a sanction for the failure to provide discovery. Frisben made the motion returnable February 10, 2020, the same date as the previously ordered motion conference.

56.     On February 10, 2020, the motions were scheduled to be heard in the Calendar Control Part ("CCP") of the Supreme Court, Kings County. The Green Law Firm, however, failed to have an attorney present in court when the case was called. Instead, they instructed a non-attorney legal assistant to appear and answer the calendar call. When the case was called at the 11:45 a.m. CCP calendar call, the legal assistant was the only person present for the plaintiff.

57.     Thereafter, when the case was again called at approximately 4:00 p.m., the Green Law Firm again failed to have an attorney present in the courtroom.

58.     By Order of Hon. Lizette Colon dated February 10, 2020, the Supreme Court granted the defendants' motions pursuant to CPLR § 3126(3) and dismissed plaintiff's complaint in the Cojab Action upon the Green Law Firm's default in failing to appear when required.

59.     In its February 10, 2020 Order, the court noted that the motions had been granted

"on default" and that the Green Law Firm "did not appear by 4:04 pm":



**The Failed Motion to Vacate**

60.     On March 3, 2020, the Green Law Firm filed a motion to vacate the February 10,

2020 Order and restore the case to the calendar.

13

61.     To vacate a default under CPLR Rule 5015(a)(1), a party must demonstrate both (a) a reasonable excuse for the default; and (b) a potentially meritorious defense or opposition to the motion that resulted in the default order.

62.     In their motion to vacate, however, the Green Law Firm failed to demonstrate either of the required elements. With respect to a reasonable excuse, the defendant Zachary Green submitted an affirmation arguing that Cojab's and Frisben's counsel had acted in bad faith:

> 10.     It is respectfully submitted that the defendants herein acted in bad faith by (1) not advising the Court that your affirmant was present in the Courthouse *and would come to CCP upon being advised that the case was ready for conference, as* <u>*both* counsel had previously been advised;</u> and (2) conducting a conference with the Court at the very moment that your affirmant was enroute to CCP.

*Zachary Green Aff.*, ¶ 10.

63.     With respect to a meritorious opposition, Zachary Green's affirmation made no mention of, or reference to, the substance of the underlying motion and he did not include any evidence to establish that the Green Law Firm had responded fully to opposing counsel's discovery request or that the Green Law Firm had complied with the court's prior discovery orders. Likewise, he offered no explanation for why the discovery had been served so late, making it impossible to keep the court ordered dates for plaintiff's deposition and IME.

64.     By Order of Hon. Lawrence Knipel dated June 23, 2020, the Supreme Court

denied plaintiff's motion to vacate the February 10, 2020 Order:

FILED: KINGS COUNTY CLERK 06/25/2020

INDEX NO. 519168/2016

NYSCEF DOC. NO. 246

RECEIVED NYSCEF: 06/26/2020

FILED

JUN 25 2020

KINGS COUNTY CLERK'S OFFICE

At a Centralized Compliance Part of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at Civic Center, Borough of Brooklyn, City and State of New York, on the 23rd day of _____ June _____, 20 20

PRESENT:

HON. **LAWRENCE KNIPEL**

Justice/JHO

CAL. NO. _____ 52 _____

-----------------------------------------------X

Philbert Wade,          Plaintiff(s),

INDEX NO. __519168/2016__

-against-

☐ ON CONSENT   **ORDER**
☐ ON DEFAULT ORDER

Solomon Cojab, Solomon Cojab d/b/a Code Realty Corp,  Defendant(s) et al.,

☐ AFTER ORAL ARGUMENT

-----------------------------------------------X

| The following papers number 1 to  read on this motion | Papers Numbered |
|---|---|
| Notice of Motion-Order to Show Cause and Affidavits (Affirmations) Annexed | |
| Answering Affidavit (Affirmation) | |
| Reply Affidavit (Affirmation) | |
| Affidavit (Affirmation) | |
| Pleadings-Exhibits | |
| Stipulations-Minutes | |
| Filed Papers | |

Plaintiff's motion seeking to vacate the February 10, 2020 dismissal order of this court (Colon, J.) pursuant to CPLR 3126 (3) on plaintiff's default, and for a restoration of this action post note of issue, is denied as plaintiff failed to both to offer a meritorious cause of action and a justifiable excuse as to why the order of October 7, 2019 upon which the February 10, 2020 was based was not timely complied with.

For Clerk's Use Only

MG _____
MD _SFO_
Motion Seq. # _12_

Retracked:
☐ Standard
☐ Complex

ENTER:

J.S.C./J.H.O.

PRINT FIRM NAME          SIGNATURE

ATTORNEY FIRM_____ by_____ FOR PLAINTIFF(S)_____

65.     On July 27, 2020, the Green Law Firm moved for leave to reargue the motion to

vacate claiming that it had mailed discovery responses on December 20, 2019, but that Frisben's

counsel had failed to retrieve the mailing from the post office. The Green Law Firm had failed to

present this argument and supporting evidence in the original vacatur motion, raising it for the first time on reargument, which was improper under CPLR Rule 2221(d).

66.    By Decision and Order entered September 24, 2020, the court denied the motion to reargue.

### The Failed Appeal

67.    The Green Law Firm appealed from the June 23, 2020 Order. Oral argument was held before the Appellate Division, Second Department, on February 10, 2023.

68.    By Decision and Order dated August 9, 2023, the Appellate Division, Second Department, unanimously affirmed the denial of the motion to vacate. The Appellate Division ruled that: (i) the Supreme Court's rejection of the Green Law Firm's proffered excuse, that counsel was engaged in another matter, was a provident exercise of discretion; and (ii) even assuming there was a reasonable excuse, plaintiff failed to establish a potentially meritorious opposition to the defendants' motions in the Cojab Action.

69.    As a result of the defendants' negligence, the Cojab Action was permanently dismissed. Mr. Wade lost his day in court and his opportunity to recover damages for the severe and permanent injuries he sustained because of the February 3, 2015 accident.

### Cause of Action for Legal Malpractice

70.    Plaintiff repeats and realleges every allegation of this Complaint.

71.    Plaintiff retained defendants to represent and advise him in connection with his personal injury claims arising from the February 3, 2015 accident and in the prosecution of the Cojab Action.

72.     Defendants acted as plaintiff's attorneys beginning with their retainer in April 2015, continuing with the commencement and prosecution of the Cojab Action, and on a continuous basis thereafter through at least the decision on the appeal on August 9, 2023.

73.     Throughout this period, plaintiff believed that defendants were acting as his attorneys in the Cojab Action and continued to repose confidence in defendants and in their ability and good faith, and there was continuing trust and confidence in the relationship between plaintiff and defendants.

74.     As attorneys for plaintiff, defendants owed a duty to render legal services in a competent and professional manner and to act with ordinary and reasonable skill, care, and diligence.

75.     Each of defendants was jointly responsible for the representation of plaintiff and the prosecution of his claims in the Cojab Action, either directly or, under Partnership Law § 24, by virtue of their status as a partner in the Green Law Firm which is a common law partnership.

76.     Defendants acted negligently under the circumstances, failed to provide adequate legal services in accordance with generally accepted standards of the legal profession, and failed to act with ordinary and reasonable skill, care, and diligence.

77.     The defendant attorneys' negligence consisted of, among other things: failing to comply with court-ordered discovery deadlines in a timely manner; failing to provide discovery requested by the Cojab Action defendants; failing to comply with the October 7, 2019 Order in the Cojab Action; failing to be physically present in court when required; improperly delegating an appearance at a court calendar call to a non-attorney employee; defaulting in appearing on the motions to dismiss on February 10, 2020; failing to properly present competent evidence and

proper legal arguments in opposition to the motions to dismiss; failing to properly present competent evidence and proper legal arguments in support of the motion to vacate the default; failing to present in a timely and proper manner the argument regarding plaintiff's compliance with the October 7, 2019 discovery order, raising it only in the improper context of a reargument motion after having omitted it from the original vacatur motion; failing to adequately pursue all available avenues to restore the case to the court's calendar; failing to maintain contact with plaintiff and keep him informed of developments; failing to adequately supervise the work of non-attorney staff; failing to research and know the law as it related to plaintiff's matter; failing to advise plaintiff properly; and failing to represent plaintiff diligently.

78.    As a result of the wrongdoing alleged in this Complaint, defendants breached the duty of care they owed to plaintiff and violated the New York Rules of Professional Conduct, including, but not limited to, the following Rules:

(i)    Rule 1.1(a) – by failing to provide competent representation to plaintiff;

(ii)    Rule 1.1(c)(1) – by failing to seek plaintiff's objectives through reasonably available means permitted by law;

(iii)    Rule 1.1(c)(2) – by prejudicing and damaging the plaintiff during the course of the representation;

(iv)    Rule 1.3(a) – by failing to act with reasonable diligence and promptness in representing plaintiff;

(v)    Rule 1.3(b) – by neglecting plaintiff's matter;

(vi)    Rule 1.4(a)(1)(iii) – by failing to promptly inform plaintiff of material developments in the matter;

(vii)    Rule 1.4(a)(3) – by failing to keep plaintiff reasonably informed about the status of the matter;

(viii)   Rule 1.4(a)(4) – by failing to promptly comply with plaintiff's reasonable requests for information;

(ix)    Rule 1.4(b) – by failing to explain the matter to plaintiff to the extent reasonably necessary to permit plaintiff to make informed decisions regarding the representation;

(x)     Rule 5.1 – by failing to adequately supervise the work of associate attorneys; and

(xi)    Rule 5.3 – by failing to adequately supervise the work of paralegals and other non-lawyers at the Green Law Firm.

79.    But for defendants' negligence, plaintiff's claims in the Cojab Action would not have been dismissed, plaintiff's motion to vacate would have succeeded, and plaintiff would have had the opportunity to litigate his personal injury claims on the merits.

80.    Plaintiff's underlying personal injury claim was meritorious. The defendants in the Cojab Action had their motion for summary judgment denied, establishing triable issues of fact. Had plaintiff been permitted to try his case, he would have recovered substantial damages for his severe and permanent injuries, including past and future lost earnings, medical expenses, and pain and suffering, in an amount to be proven at trial.

81.    Defendants' negligence and breach of their ethical duties to plaintiff were a proximate cause of plaintiff's damages as described above.

82.    By reason of the foregoing negligence of defendants, plaintiff has been damaged in an amount to be determined at trial, together with prejudgment interest at the legal rate from February 10, 2020 through the date of judgment herein.

19

WHEREFORE, plaintiff Philbert Wade respectfully requests that judgment be entered against defendants Law Offices of Eric H. Green and Associates, Eric H. Green, and Zachary Green, jointly and severally, awarding plaintiff compensatory damages in an amount to be determined at trial, together with prejudgment interest at the legal rate from February 10, 2020 until the date of judgment herein, and such other and further relief as the Court deems just and proper, including attorneys' fees and the costs and disbursements of this action.

Dated:  New York, New York
        August 6, 2026

                                        SCHWARTZ & PONTERIO, PLLC
                                        *Attorneys for Plaintiff*


                        By:     _____
                                        Matthew F. Schwartz
                                        134 West 29th Street – Suite 1001
                                        New York, New York 10001
                                        Telephone: (212) 714-1200

20

## JURY DEMAND

Plaintiff Philbert Wade demands a trial by jury on all issues so triable.

Dated: New York, New York
      August 6, 2026

SCHWARTZ & PONTERIO, PLLC
*Attorneys for Plaintiff*

By: _____
Matthew F. Schwartz
134 West 29th Street – Suite 1001
New York, New York 10001
Telephone: (212) 714-1200

21